# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **ARCHIE JUNIOR MATKINS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | 1:12CV90 |
| v. ) | 1:01CR54-1 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a letter addressed to the judge who sentenced him. It does not appear that the United States Attorney's Office was served with a copy of the letter. This is not proper, as parties should not have *ex parte* contact with a judge. Further, Petitioner seeks to attack the conviction or sentence he received in this Court. The document he has filed is not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For this reason, the Court will construe the submission as such a motion. Unfortunately, the motion cannot be further processed because Petitioner has not used the proper forms for filing a § 2255 motion in this Court.

Because of this pleading failure, this particular motion will be dismissed, but without prejudice to Petitioner filing a new motion properly following the 28 U.S.C. § 2255 forms.[1] The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he intends to pursue this motion. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow.

**IT IS THEREFORE ORDERED** that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. *See generally Castro v. United States*, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a motion. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance.

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Petitioner filing a corrected motion on the proper § 2255 forms.


United States Magistrate Judge

Date: January 31, 2012